

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RICHARD BURTON PALMER, JR., | § | |
| Petitioner, | § § § | |
| v. | § § | 2:06-CV-0228 |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Came this day for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RICHARD BURTON PALMER, JR. By his habeas application, petitioner challenges his conviction, pursuant to a guilty plea, of the offense of possession of a controlled substance out of the 223rd Judicial District Court of Gray County, Texas, and the resultant eight (8) year sentence.

### I.
### PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner was denied effective assistance of trial counsel because his attorney:
   a. took no favorable actions in his case;

   b. withheld vital information; and

c.      refused to consult with petitioner.

    2.      Petitioner's judicial confession of guilt was coerced because his attorney gave
            him "no options other than accepting the deal or receiving a twenty-year
            sentence."

    3.      Petitioner was denied his right to appeal because he was forced to waive his
            right as a part of the plea bargain deal.

## II.
## MERITS

Respondent has filed an answer wherein he fully and accurately briefed the following issues:

1.      Petitioner's failure to exhaust grounds 2. and 3.

2.      Petitioner's procedural default of grounds 2. and 3.

3.      The procedural bar of grounds 2. and 3. from federal habeas corpus review.

4.      The lack of cause and prejudice from the failure to consider grounds 2. and 3.

5.      The absence of evidence of actual innocence of the crime for which petitioner
        was convicted.

6.      The appropriate standard of review for ground 1.

7.      Petitioner's failure to meet his burden of proof under this standard of review as
        to ground 1.

8.      The knowing, voluntary and intelligent nature of petitioner's guilty plea.

9.      The presumption of regularity of court documents and petitioner's failure to
        rebut his presumption.

10.     Petitioner's waiver of ground 1. (ineffective assistance of counsel) due to his
        entry of a voluntary plea of guilty.

11.     The conclusory nature of petitioner's ground 1., and the failure of conclusory
        allegations to raise constitutional issues in a habeas case.

12.     Petitioner's failure to show deficient performance of counsel or prejudice as a
        result of such performance (the standard for establishing ineffective assistance
        of counsel);

13.     Petitioner's waiver of ground 2. (coerced judicial confession) due to his entry

>   of a voluntary plea of guilty.
>
> 14. Petitioner's failure to show his judicial confession was coerced.
>
> 15. The validity of petitioner's waiver of his right to appeal as part of his voluntary plea of guilty.

Respondent is correct in his arguments that petitioner's grounds 2. and 3. are procedurally defaulted, that grounds 1. and 2. were waived by petitioner's guilty plea, that ground 1. is conclusory, and that, nonetheless, all of petitioner's grounds are without merit. Therefore, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be DENIED.

## III.
## RECOMMENDATION

For the reasons set forth in respondent's Answer, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner RICHARD BURTON PALMER, JR. be DENIED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 17th day of March 2009.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).